IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ABRAHAM VILLANUEVA-SANTIAGO

    Plaintiff

    v.

MCALLISTER TOWING AND TRANSPORTATION CO., INC. PUERTO RICO BRANCH

    Defendant

**Civil No. 10-1735 (SEC)**

**OPINION AND ORDER**

Pending before this Court is Defendant McAllister Towing and Transportation, Co., Inc.'s notice of removal (Docket # 1), Plaintiff Abraham Villanueva Santiago's request to remand (Docket # 4), and Defendant's opposition thereto (Docket # 7). After reviewing the filings, and the applicable law, Plaintiff's motion to remand is **DENIED**.

**Factual and Procedural Background**

On July 30, 2010, Defendant filed a notice of removal of a civil action commenced by Plaintiff in the Puerto Rico Court of First Instance, Superior Part of San Juan. Docket # 1. According to Defendant, this Court has jurisdiction in the present suit pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), which provides that

> suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organization, may be brought un any district court in the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

In support of their argument, Defendant points out that Plaintiff belonged to the bargaining unit covered by the Collective Bargaining Agreement ("CBA") between Defendant and the International Organization of Master, Mates & Pilots, AFL-CIO (the "Union") effective from

**Civil No. 10-1735 (SEC)**

July 1, 2006 until June 30, 2009. Defendant argues that insofar as Plaintiff's claims under Puerto Rico Law 80, P.R. Laws Ann. tit 29 § 185a, require an interpretation of the CBA, removal is proper in this case. On this point, Defendant contends that Plaintiff failed to exhaust the contractual remedies required in the CBA, to wit, arbitration of disputes against his employer.

In his request for remand, Plaintiff argues that the present suit does not require interpretation of the CBA since it is based on a state employment law and not alleged violations to the CBA. Even more, Plaintiff contends that the rights conferred under Law 80 cannot be contractually waived, thus the CBA may not infringe on the same. In opposition, Defendant avers that Law 80 claims are arbitrable and Plaintiff's unjust dismissal claims require an interpretation of the CBA's provisions on this point.

**Standard of Review**

Section 1441 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending..." 28 U.S.C. § 1441(a). For a Defendant to remove an action from state court to federal court, it must file a timely notice of removal in the district court within thirty (30) days after the service of summons upon the defendant of the complaint, or after the receipt by the defendant of any pleading from which it may be first ascertained that the case is removable. 28 U.S.C. § 1446 (a) & (b). On the other hand, a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447.

The Supreme Court has held that, in order for the Court to hear a case, subject matter jurisdiction must "be established as a threshold matter." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). Therefore this Court must first address any jurisdictional

**Civil No. 10-1735 (SEC)**

issues. It is well known that subject matter jurisdiction is granted to federal courts by either "28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, [or] § 1332, which provides for '[d]iversity of citizenship' jurisdiction." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).

**Applicable Law and Analysis**

Similar to the appellees in Vargas v. Geologistics Americas, Inc., 284 F.3d 232, 234 (1st Cir 2002), Plaintiff claims that he is entitled to severance pay in accordance with Puerto Rico Law 80. See Rosado v. Am. Airlines, No. 09-1418, 2010 U.S. Dist. LEXIS 109292, at *53 (D.P.R. Oct. 14, 2010). In *Vargas*, the First Circuit held that "a determination of just cause presupposes an analysis of the rights and duties imposed by the CBA." Vargas, 284 F.3d at 235. Additionally, Section 301 preempts all state law claims that "depend[] on the meaning of a collective-bargaining agreement." Flibotte v. Pa. Truck Lines, Inc., 131 F.3d 21, 26 (1st Cir. 1997). The appeals court has further noted that "even in the event that a termination found not to be in violation of the CBA could otherwise be adjudged without just cause under Law 80, the uncertainty caused by the application of two systems of law would undermine the policy of uniformity in labor law administration." Vargas, 284 F.3d at 235 (citing Beidleman v. Stroh Brewery Co., 182 F.3d 225, 231-32 (3rd Cir. 1999).

In light of the foregoing, this Court's task in this case is to review the complaint to see whether Plaintiff's claims involve interpretation of the CBA. Considering the above cited case law, and that Plaintiff sets forth claims under Law 80, we find that the duties and rights conferred by the CBA are relevant to a resolution of Plaintiff's claims. Specifically, we must determine, among other issues, whether the CBA provides a procedure to resolve employee disputes against the employer and whether it mandates arbitration of such disputes. Insofar as interpretation of the CBA falls squarely within the scope of Section 301(a) of the LMRA, this Court has jurisdiction over the present case and removal is proper. Accordingly, Plaintiff's request to remand is **DENIED.**

**Civil No. 10-1735 (SEC)**

**Conclusion**

Based on the foregoing, Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of January, 2011.

                                 s/*Salvador E. Casellas*
                                 Salvador E. Casellas
                                 U.S. Senior District Judge